DAVID BURCHARD
CHAPTER 13 TRUSTEE
PO BOX 8059
FOSTER CITY, CA   94404
(650) 345-7801  FAX (650)345-1514
(707) 544-0475  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re:                                                              ) Case No.: 10-1-2967AJ13
                                                                    ) Chapter 13
                                                                    )
                                                                    ) EX-PARTE APPLICATION FOR ORDER
     RONVI PAREJA and FARRAH ANN      ) AUTHORIZING THE CHAPTER 13 TRUSTEE
                                                                    ) TO MAKE ADEQUATE PROTECTION
KHABAGNOTE                                               ) PAYMENTS
                                                                    )
                                                                    )
_____)

David Burchard, Chapter 13 Trustee in the above referenced matter, makes this Ex-Parte Application for an Order directing the Chapter 13 Trustee to make the adequate protection payments proposed by the debtor(s) plan. In support of this application the trustee represents;

(1) That 11 U.S.C.  1326(A) (1) (C) requires the debtor to commence making payments that provide adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that became due after the order for relief, and reducing the payments to the trustee by such payments.

(2) 11 U.S.C. 1326(a) (1) provides that the court may order otherwise.

(3) That the debtor(s) do not know whether an allowed claim has been filed and thus the debtor(s) do not know when to begin such adequate protection payments.

(4) That the trustee cannot reduce the claim of the creditor by the adequate protection payments when the payments are made directly without an objection to such claim.

(5) That administratively the payment of adequate protection payments by the trustee would be in the best interest of the debtor(s) and the creditors.

**WHEREFORE,** the Chapter 13 Trustee requests the court enter an order as follows:

1. Adequate protection payments required by 11 U.S.C. 1326(a)(1)(C) and the proposed plan shall be paid by the trustee not the debtor.

2. Adequate protection payments required by 11 U.S.C. 1326(a)(1)(B) and the proposed plan shall be paid by the debtor directly to the lessor, reducing the debtor(s) plan payment by that amount so paid and providing the trustee with evidence of such payment including the amount and date of payment.

3. Adequate protection payments pursuant to 11 U.S.C. 1326 (a)(1)(C) and the proposed plan shall be paid when the claim holder has filed a proof of claim. To the extent funds are available the trustee shall pay the claim holder adequate protection payments for those periods from the filing of the petition through the date of confirmation.

4. The trustee shall begin making the adequate protection payments in connection with the trustee's customary month end disbursement cycle beginning the month after the petition is filed.

5. The trustee may access an administrative fee for making the payments required by this order and shall collect such fee at the time of making the payment from the funds on hand in the case. The allowed fee shall be equal to the percentage fee established by the Attorney general pursuant to 28 U.S.C. 586(e)(1)(B) in effect at the time of the distribution.

6. Upon dismissal or conversion prior to confirmation of the plan, the trustee shall first make the payments required by paragraph 1 above, then any unpaid claims allowed pursuant to section 503(b), before returning the balance of the funds held by the trustee to the debtor.

7. The trustee shall serve the creditors receiving adequate protection payments with the order on Chapter 13 Adequate Protection Payments.

8. On appropriate motion any party may, either ex-parte or on noticed motion, request this order be modified by the court.

Dated: August 9, 2010                              Respectfully submitted,

                                                    _David Burchard_____
                                                    David Burchard
                                                    Chapter 13 Trustee

**CHAPTER 13 TRUSTEE**
**P.O. BOX 8059**
**FOSTER CITY, CA 94404**

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF **SAN MATEO**

I am employed in the County of **San Mateo,** State of California. I am over the age of 18 and not a party to the within action. My business address is P.O. Box 8059, Foster City, CA 94404.

On August 9, 2010, I served the foregoing documents described as: **Ex-parte Application FOR ORDER AUTHORIZING THE CHAPTER 13 TRUSTEE TO MAKE ADEQUATE PROTECTION PAYMENTS**

I served the above documents on the interested parties by placing a true copy thereof in a sealed envelope with the Trusteeship's mail room personnel for affixing a fully prepaid postage and mailing in the United States mail at Foster City, California in accordance with the Trusteeship's ordinary practices, addressed as set forth below:

Toyota Financial Services
PO Box 60114
City of Industry, CA 91716-0144

Wfs Financial/Wachovia Dealer Services
Po Box 19657
Irvine, CA 92623

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 9, 2010, at Foster City, California.

                                          DENIZ BRIDGMAN
                                          DENIZ BRIDGMAN